The People of the State of New York ex rel. Garra K.
Lester, Respondent, *v.* Joseph H. Eno et al., Constituting
the Town Board of the Town of Hamburg, Appellants.

Certiorari — Return to Certiorari to Review Determination
of Town Board Made by Majority of Board Is Conclusive upon
Appellate Division — Separate Return Made by One Member
of Board Cannot Be Considered. Where it appears from the papers
and proceedings upon a writ of certiorari, issued to review the determi-
nation of a town board in disallowing a claim presented thereto, that
the only matter in issue was the employment of the relator by the town
board of health to render services as a physician to certain smallpox
patients during a certain period, and the return made by a majority of the
town board specifically denies such employment and distinctly traverses
every allegation of the relator's petition in that behalf, such return is
conclusive upon the Appellate Division and the writ should be dismissed,
notwithstanding one of the town board made a separate return corroborat-
ing the petitioner, since there can be but one return to a writ of certiorari,
unless a second is directed or permitted by the court because the first is
defective or insufficient in form; and where a writ of certiorari is issued to
review the determination of a board or body composed of two or more
persons the return must be made in the name of the board or body and
may be executed by a majority of the members thereof; the return of the
majority of the members is, therefore, the only return which the Appel-
late Division has the right to consider, and the separate return should be
disregarded.

*People ex rel. Lester* v. *Eno,* 84 App. Div. 55, reversed.

(Argued November 9, 1903; decided November 24, 1903.)

Appeal from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
June 4, 1903, which sustained a writ of certiorari to review
the proceedings of the defendants in disallowing a portion of
a claim of relator against the town of Hamburg and directed
the audit of such claim in full.

In August, 1902, the relator, a practicing physician of the
village of Blasdell, town of Hamburg, Erie county, presented
to the town board of that town a claim for services performed
by him in caring for certain persons afflicted with the disease

33

514          People ex rel. Lester v. Eno.          [Nov.,

Statement of case.          [Vol. 176.

of smallpox. The claim was for services running from April 29th, 1902, to and including May 29th, 1902, and amounting to $318.95. The town board deducted from the claim as presented the sum of $110, and audited the same at $208.95. That part of the claim which was disallowed represented the first eleven days of relator's services at $10 a day, ranging from April 29th to May 9th, 1902, during which time, it was claimed, the relator had not been employed by the town and that, therefore, the town was not liable. The relator thereupon sued out a writ of certiorari to review the determination of the town board in respect to the part of the claim which had been disallowed. The Appellate Division annulled the determination of the town board, and remitted the matter to that body with directions to audit the relator's claim as presented in his account.

The relator's petition for the writ sets forth, in substance, that on or about the 29th of April, 1902, he discovered that two persons residing in the town of Hamburg were afflicted with smallpox, and that on that day he reported the matter to the health physician of the town who requested him to remain in attendance upon such persons until he could call a meeting of the health board to take action in the matter; that a meeting of that board was called for and held on the following day, April 30th; that at this meeting the health board authorized the relator to take care of such persons and all other persons in the town who should contract the disease and promised to pay him the reasonable value of his services therein; that the relator continued in attendance upon these persons and other persons stricken with the disease, and performed the necessary vaccination, fumigation and quarantining; that the relator's compensation not having been fixed on May 7th, he then wrote a letter to the health board stating that his services were worth $10 a day and unless that amount was agreed to be paid him he would be unable to continue his services, and asked the board to inform him at once whether they desired to retain his services; that on May 9th the town board duly passed a resolution employing the relator

to take charge of the persons suffering from smallpox in the town and fixing his compensation at $10 per day.

Attached to the relator's petition are extracts from the minutes of the health board and the town board referring to the matter of caring for the smallpox patients of the town and the employment of the relator in that behalf. The minutes of the health board disclose that Dr. Bourne, the health physician, reported that he was called by the relator to see two smallpox patients on April 30th, 1902, and that a quarantine should be established over the houses occupied by these persons. A resolution was thereupon adopted directing the removal of the two persons to the pest house, and the establishment of a quarantine upon the houses occupied by them; that on May 3rd, 1902, the health board held another meeting at which it was decided to pay to the health department of the city of Buffalo the sum of $15 per week for each person sent to the Buffalo pest house from the town of Hamburg under the order of B. S. Bourne, the health officer of that town; that on the 9th of May, 1902, the health board again met and adopted a resolution which, after reciting the establishment of a provisional pest house in the town, provided for the employment of the relator in the following language: "Resolved, that we employ Garra K. Lester as physician to care for all patients sent to said pest house by the health physician of said town, and also to attend all persons quarantined in or near Blasdell, N. Y., until such quarantine shall be raised by the health physician. The said Garra K. Lester shall receive the sum of ten dollars per day for such services and for such time as the health physician shall deem proper. Said Garra K. Lester to furnish all medicines and ointments required by such patients." The minutes of the meeting of the town board on May 9th disclose that the relator's communication of May 7th to the health board was read and an adjournment taken until 3 o'clock in the afternoon of that day. At the adjourned meeting there was some talk as to the employment of a physician and the members of the board not being able to agree upon the matter a recess was taken until

8 o'clock.    At this adjourned meeting the town board adopted
a resolution identical in language with the resolution of the
health board previously adopted on the same day.

The relator's petition is corroborated by the affidavits of
Oliver C. Salisbury, a member of both the town and health
boards, and Henry J. Danser, a resident of the town.

Five members of the town board, constituting a majority
thereof, made a return to the writ issued herein, denying spe-
cifically, on information and belief, all the allegations of the
petition relating to the relator's employment by the health
board previous to May 9th, 1902.    There is no denial as to
the rendition of relator's services prior to that date, but the
return puts in issue the relator's employment and his right to
compensation previous to the adoption of the resolution of the
town board engaging him to take care of the smallpox patients
of the town.

The defendant Salisbury also made a separate return to the
writ in which he stated, in substance, that at a meeting of the
health board called to consider the matter of caring for the
smallpox patients of the town and preventing the spread of
the disease, the relator was authorized to care for such patients
and others who might contract the disease, and that it was
agreed on behalf of the town to compensate him therefor;
that the health board authorized him, Salisbury, and the
health physician to take all necessary steps to check the
disease and that the services of the relator were rendered with
the sanction and under the direction of Salisbury and the
health physician.

The health physician, however, made an affidavit which
was attached to the majority return of the town board, in
which he denied that he or Salisbury employed the relator on
behalf of the town to care for smallpox patients, and further
denied all the allegations of the petition and Salisbury's
return relating to the employment of the relator prior to
May 9th.

The court upon motion granted leave to the defendants to
file a supplemental return controverting the allegations of the

separate return made by Salisbury, and also permitted the filing of the affidavit of the health physician attached to the original return.

*Charles Diebold, Jr.*, for appellants. The return of the town board is conclusive as to the facts. (L. 1892, ch. 677, § 19; *People* v. *Webb*, 50 N. Y. S. R. 46; Code Civ. Pro. § 2138; *People ex rel.* v. *Wurster*, 149 N. Y. 549; *People* v. *Barker*, 152 N. Y. 417; *People ex rel.* v. *Bd. of Excise*, 91 Hun, 94.)

*Levant D. Lester* for respondent. The hearing in this proceeding must be upon the writ and returns and the papers upon which the writ was granted. (Code Civ. Pro. § 2138; *People ex rel.* v. *Heddon*, 32 Hun, 299; *People ex rel.* v. *York*, 45 App. Div. 503; Code Civ. Pro. § 2139; *People ex rel.* v. *Bd. of Auditors*, 39 App. Div. 30; *People ex rel* v. *Vanderpoel*, 35 App. Div. 73; *People ex rel.* v. *Assessors*, 6 Lans. 105; *Lawton* v. *Comrs. of Cambridge*, 2 Caines, 179; *People* v. *Davis*, 38 Hun, 43; *People ex rel.* v. *Police Comrs.*, 55 How. Pr. 454.) The fact that five members of the town board join in a return and designate it the return of the town board does not bind this court to the sole consideration of their return as stating the facts, or even make their return the return of the town board. (Code Civ. Pro. §§ 2129, 2130; *People ex rel.* v. *Fire Comrs.*, 73 N. Y. 437; *Rector* v. *Clark*, 78 N. Y. 21; *People ex rel.* v. *Martin*, 142 N. Y. 228; *Beardslee* v. *Dolge*, 143 N. Y. 160.) Material allegations of fact in the petition, not controverted by the returns, are presumed to be admitted and must be so regarded on this hearing. (*People ex rel.* v. *Sutphin*, 166 N. Y. 163; *People ex rel.* v. *Bd. Suprs.*, 30 How. Pr. 173; Code Civ. Pro. § 2140.)

Werner, J. In reversing the action of the town board disallowing the relator's claim for services rendered prior to May 9th, 1902, the learned Appellate Division evidently failed to give effect to the rule that the denials and allegations of a

return to a writ of certiorari must be taken as true, so far as they put in issue the material allegations of the petition for the writ. This is clearly shown by the statement in the opinion that " while the return of a majority of the town board to the relator's petition in form denies many of the allegations thereof, we are impressed with the idea that such denial is merely formal and designed mainly for the purpose of raising an issue."

The Code of Civil Procedure (§ 2138) provides that proceedings upon certiorari " must be heard upon the writ and return and the papers upon which the writ was granted," and this court has held that this " does not mean that the court is at liberty to look beyond the return and consider the facts stated in the petition and accompanying papers, unless the return is an admission of those facts, or the equivalent of an admission." (*People ex rel. Miller* v. *Wurster*, 149 N. Y. 549.) The return must be taken as conclusive and acted on as true. If false in fact the remedy is in an action for false return ; if insufficient in form by compelling a further and more specific return. (*People ex rel. Sims* v. *Bd. Fire Commrs.*, 73 N. Y. 437.) From this brief statement of the law relating to certiorari proceedings, it is apparent that if the denials of the return put in issue the material allegations of the papers upon which the writ was granted, the court below had no power to look beyond the return for the supposed equities of the case.

The foregoing recital of the proceedings herein discloses that the only matter in issue is the employment of the relator by the town of Hamburg to render services in the case of smallpox patients in that town during the period between the 29th of April and the 9th of May, 1902. The return made by a majority of the town board specifically denies such employment, and distinctly traverses every allegation of the relator's petition in that behalf. This was conclusive upon the Appellate Division and the writ should have been dismissed.

Upon the argument before us counsel for the relator contended that as the return of the town board was made by only

a majority of its members and not by all of them, the Appellate Division had the right to consider the separate return of Salisbury, one of the members of the town board, which tended to corroborate the allegations of the relator's petition. We think this contention is not well founded. There can be only one return to a writ of certiorari, unless a second return is directed or permitted by the court because the first one was defective or insufficient in form. If the original return is false in fact the remedy, as we have seen, is an action for a false return. When a writ of certiorari is issued to review the determination of a board or body composed of two or more persons, the return to the writ is to be made in the name of the board or body, and may be executed by a majority of the members thereof. (*People ex rel. Gambling* v. *Cholwell*, 6 Abb. Pr. 151; *Plymouth* v. *County Commrs.*, 16 Gray, 341; *People ex rel. Toohey* v. *Webb*, 50 N. Y. St. Rep. 46.) The provisions of section 2134 (Code Civ. Pro.), directing that "each person upon whom a writ of certiorari is served * * * must make a return," etc., is not in conflict with the view that the return of a body or board may be made by a majority of its members, because the noun "person" is clearly used to denote any person or legal entity to whom a writ is directed. The return of the majority of the members of the town board was, therefore, the only return which the court below had the right to consider, and the separate return made by Salisbury, one of its members, should have been disregarded.

For these reasons the order of the Appellate Division must be reversed and the writ herein dismissed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Order reversed, etc.