(99 App. Div. 564)

PEOPLE ex rel. BURNETT et al. v. VAN BRUNT et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1904.)

1. CERTIORARI—RETURN—CONCLUSIVENESS.

 Denials and allegations of a return to a writ of certiorari must be held true, so far as they join issue with material allegations of the petition.

2. HIGHWAYS—PROCEEDINGS TO WIDEN—TAKING OF PRIVATE PROPERTY.

 In proceedings to widen a highway, it is immaterial that land sought to be taken is not a part of the highway, where such land is described in the order of the village trustees as land which must be acquired for the highway, so that the property owner will receive compensation therefor.

3. SAME—CERTIORARI—REVIEW OF FACTS.

 The court will not review facts stated in the return to a writ of certiorari in proceedings to widen a highway where they are founded on personal inspection and individual knowledge of the locality.

---

¶ 1. See Certiorari, vol. 9, Cent. Dig. §§ 143, 144.

4. SAME—NOTICE OF PROCEEDINGS—WAIVER—APPEARANCE.

Under Village Law, § 147 (Laws 1897, p. 416, c. 414), providing that a person affected by a proposed improvement, upon whom notice has not been served, may appear, and that his voluntary general appearance is equivalent to personal service of notice, it was immaterial, in proceedings to widen a highway, that certain necessary parties did not receive notice, where they appeared and waived damages.

5. CERTIORARI—PLEADING—RETURN—SUFFICIENCY OF DENIAL.

Where a petition for a writ of certiorari states certain persons to be owners of the fee in a highway as recorded, a return denying such ownership, whether open to criticism as containing a negative pregnant, or not, is sufficient on appeal.

6. HIGHWAYS—PROCEEDINGS TO ALTER—HEARING—DETERMINATION—TIME OF MAKING.

Section 147 of the village law (Laws 1897, p. 416, c. 414) requires the board of trustees to determine the matter of laying out or altering a highway within 20 days from the date fixed for a hearing on the question. Statutory Construction Law, § 27 (Laws 1892, p. 1491, c. 677), provides that a number of days specified as a period from a certain day, within which an act must be done, means such number of calendar days, exclusive of the calendar day from which the reckoning is made. *Held* that, where the hearing in proceedings to widen a highway was fixed for April 21st, a determination of the matter on May 11th was in time.

7. SAME—MISNOMER OF HIGHWAY.

In proceedings to widen a highway, a misnomer of the highway, in calling it "T. Road" instead of "T. Lane," is immaterial, where the highway is sometimes called one and sometimes the other, and, other than it, there is no highway in the town known as "T. Lane."

Certiorari by the people, on the relation of David H. Burnett and others, against W. D. Van Brunt and others, trustees of Southampton. Order affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Harri M. Howell, for relators.

T. M. Griffing, for respondents.

JENKS, J. This is a certiorari to review the proceedings of the trustees of the village of Southampton in widening a highway. The denials and allegations of the return must be held true, so far as they join issue with the material allegations of the petition. People ex rel. Lester v. Eno, 176 N. Y. 513, 68 N. E. 868; People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298. And in the latter case it is held that we cannot look behind the return to consider allegations of fact in the petition and the papers, unless the return admits them, or contains an equivalent of an admission. The writ recites that the relators inform the court of several objections, which I consider seriatim:

1. It is said that the lands of the relator Burnett sought to be taken have been inclosed for 10 years and are not a part of the highway, and that a certain other strip, also his property, has never been dedicated, and is not a part of the highway. But it appears that the land named and described in the petition is that named and described in the order as land owned by Burnett, which must be acquired. If the relator's hedge is on a strip of land which is no part of the street, then that strip is within or with-

out the part designed for a taking. If it be within, it must be assumed that he will be compensated. If it be without the highway limits, and yet by the order he is to receive compensation therefor, why should he complain? The defendants return "that, even if no testimony had been given on the hearing on behalf of the petitioners, it was clearly manifest to us from the mere inspection of the premises that the application of the petitioners should be granted." The court will not review facts stated in the return "where they are founded on personal inspection and individual knowledge of the locality." People ex rel. Beardslee v. Dolge, 45 Hun, 310, 312, affirmed 110 N. Y. 680, 18 N. E. 483.

2. It is said that Edward Anthon, Emily H. Harrington, Henry A. Lewis, Harri M. Howell, Mary A. Herrick, Ellen N. Herrick, Anita Herrick, and John Herrick were necessary parties, and did not receive due notice. But the return shows that the said Anthon, Harrington, and Lewis appeared, consented to the widening, and waived all damages. The objections filed during the proceeding and returned state that neither Sophia M. Johnson nor Augusta Stager is named in the petition. But the return shows that both Johnson and Stager appeared and waived all claims. Section 147 of the village law (Laws 1897, p. 416, c. 414), provides in part:

"A person affected by the proposed improvement, and upon whom notice has not been served, may appear upon the hearing. A voluntary general appearance of such a person is equivalent to personal service of the notice upon him."

Such appearances must be deemed general. Ency. of Pleading & Practice, vol. 2, p. 632. As to the others, Howell and the Herricks, who are stated in the petition to be owners of the fee in the highway as recorded, the return denies such ownership. I doubt whether the language of denial is open to criticism as containing a negative pregnant, but, in any event, such denial is sufficient on appeal. Stuber v. McEntee, 142 N. Y. 200, 206, 36 N. E. 878. I cannot find anything in the record that in any way weakens, or affects or nullifies this denial.

3. It is insisted that the board was without jurisdiction to make its order of May 11, 1903, granting the petition. It is first contended that, inasmuch as the board "must determine the matter within twenty days from the date fixed for such hearing" (section 147, New York Village Law), a determination on May 11th, when the hearing was fixed for April 21st, is too late. The statutory construction law (Laws 1892, p. 1491, c. 677, § 27) provides in part:

"A number of days specified as a period from a certain day within which, or after, or before, an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made."

Therefore the order was made within 20 days.

The next contention is that the meeting of May 8th was adjourned sine die. This is denied by the return.

And finally it is said that there is a misnomer of the highway, in that its true name is "Toylsome Lane," and not "Toylsome Road."

The return is that it is sometimes called one, and sometimes the other, and that, other than said road, there is no highway in said town known as "Toylsome Lane." This return is adequate.

The order should be affirmed as to all parties, with costs against the relators. All concur.