on proof of the payment of these amounts, counsel for the petitioner may present an order confirming the report of the commissioners appointed in this proceeding. All concur.

(116 App. Div. 844)

PEOPLE ex rel. SLOSSON v. BOARD OF SUP'RS OF WESTCHESTER COUNTY.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. CERTIORARI—RETURN—CONCLUSIVENESS.

Where, on certiorari to review the proceedings of the supervisors of a county in auditing a claim against the county for legal services, the return alleged that the services were not rendered to the county and that the claim was not a legal claim against it, an examination as to the truth of such allegations was not precluded, as they were mere conclusions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, §§ 143, 144.]

2. COUNTIES—CONTRACTS—EMPLOYMENT OF COUNSEL.

Laws 1883, p. 666, c. 490, as amended by Laws 1887, p. 227, c. 196, which statute was continued by Greater New York Charter, Laws 1901, p. 231, c. 466, § 518, empowers the city to increase its water supply, and in section 24 permits the city to acquire and substitute lands for highway purposes for lands within existing highways which are taken under the act. Under the statute the approval of the highway substituted rests with the Supreme Court, and section 23 provides that if the real estate shall be owned or occupied by the state, or any county or town, such titles or interests may be paid for on agreement between the commissioners of the land office, the county supervisors, and with the supervisor and commissioners of highways of any town who shall act for such town. Highway Law, Laws 1890, p. 1201, c. 568, § 130 (Laws 1851, p. 434, c. 218), by provisions applicable to the county of Westchester, makes the matter of bridges within the county a county interest. Highway Law, Laws 1890, pp. 1178, 1188, c. 568, § 4, subd. 7, and section 53, provides that highway commissioners shall expend all money raised from the town, and that money collected for the repair or construction of highways in any town shall be paid to the supervisor thereof; and section 98 (page 1197) provides that "the final determination of commissioners appointed by any court, relating to the laying out, altering or discontinuing a highway, * * * shall be carried out by the commissioners of highways of a town." Held, that where the county of Westchester retained an attorney to present claims against the city of New York for county bridges, and the attorney proceeded thereunder to render services in relation to the highways, the county was not liable for such latter services, as it had no such concern therein as justified the retaining of counsel.

3. SAME—ESTOPPEL—ACTS OF SUPERVISORS.

A county is not estopped by the unauthorized acts of the board of supervisors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Counties, §§ 118–121, 174.]

Certiorari by the people, on the relation of Harrison T. Slosson, to review the proceedings of the board of supervisors of the county of Westchester in auditing a claim against the county for legal services. Determination confirmed.

Argued before HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ.

Nathan P. Bushnell, for relator.
John M. Digney, for respondent.

JENKS, J.   The relator alleges that he was retained by resolution of a board passed on September 12, 1904, as follows:

"Whereas, at a session of this board held August 3, 1903, Harrison T. Slosson was directed to represent Westchester county in presenting claims against the city of New York in the matter of county bridges; and whereas, the question of damages will arise as to change of highways in the Croton watershed by New York City:

"Resolved, that Harrison T. Slosson be, and is hereby, directed and appointed to appear for the county of Westchester in all questions involved with the city of New York in the substitution or building of highways by the .city of New York."

He alleges that he rendered services from August 3, 1903, until June 13, 1905; that he submitted a claim therefor to that board, which was audited and paid; that thereafter he rendered services from June 23, 1904, to November 3, 1905, for which the present claim was presented. As first presented, the claim was for "professional services in the matter of substituted highways built by the city of New York." At the request of the relator the claim was thereafter itemized.

The return alleges that none of the services were rendered for or on behalf of the said county of Westchester; that the roads or highways referred to in the bill in connection with which the services charged were alleged to be rendered are owned by the towns in which they are located, and are under the exclusive control of said towns, as provided by the highway law and town law of the state; that none is a state road, or a road created or improved under chapter 115, p. 218, of the Laws of 1898 or chapter 240, p. 680, of the Laws of 1901; that none of the services set forth were rendered in any action or proceeding brought by or against the respondent; and that none of the interviews or correspondence set forth were had with the respondent, or any person authorized to represent it. The proceedings returned are that the committee of the respondent to which the claim was referred reported for disallowance on the ground that it did not present a legal charge against the county of Westchester, and that the report was adopted by the respondent.

While it is true that the return is conclusive and must be accepted as true (People ex rel. Lester .v. Eno, 176 N. Y. 513, 68 N. E. 868), that rule does not preclude an examination of the legal conclusions that the services were not rendered to the county and that the claim was not a legal charge against it. At the outset it must be kept in mind that the board derives all of its powers from the Legislature, and that its exercise of authority must be confined to the powers vested in it by law (Kingsley v. Bowman, 33 App. Div. 1, 53 N. Y. Supp. 426); that "the board of supervisors is not the county," but "an aggregate of certain town officers, which for specified purposes is the representative of the county"; and that they "are subordinate public agents" (Board of Supervisors v. Ellis, 59 N. Y. 620). Its resolves, therefore, cannot make a county charge of that which is not one. A county cannot incur indebtedness except for county purposes. Section 10, art. 8, of the state Constitution.

The bill, as I have said, is "for professional services in the matter of substituted highways built by the city of New York." This refers to the proceedings authorized by chapter 490, p. 666, of the Laws of

1883 as amended, and especially by chapter 196, p. 227, of the Laws of 1887, whereby the city of New York was empowered to increase its water supply. This act is expressly continued by section 518 of the Greater New York Charter. Laws 1901, p. 231, c. 466. Section 24, p. 674, of the said Laws of 1883, as amended by the said statute of 1887 (Laws 1887, p. 227, c. 196), permits the city to acquire and to substitute lands for highway purposes for lands within existing highways which are taken by it for the purposes of the act. The expense, loss, or damage must be borne by the city. The approval of the highway substituted by the commissioners of appraisal rests with the Supreme Court, and the commissioners of appraisal must include in their compensation awarded the expense of making such change of location. Section 23 (page 674) of the original act provides that in case the real estate shall be owned, occupied, or enjoyed by the people of the state, or any county, town, or school district, such rights, titles, interests, or properties may be paid for upon agreement with the commissioners of the land office, who shall act for the people of the state, and with the supervisors acting for the county, and with the supervisor and commissioners of highways of any town who shall act for such town, and the trustees who shall act for the school district. I fail to find any reference or requirement in this statute which indicates that the county necessarily has such an interest in this matter of substituted roads as would require or justify the retainer of counsel for the county.

The learned counsel for the relator has attempted to meet this situation by contention that the original resolution of retainer was to present claims against the city of New York for county bridges, which involved a county interest, and that the employment never ceased, but was only thereafter increased in its scope. It is true that the matter of these bridges was a county interest, perforce, however, of express provision of statutes in terms applicable to the county of Westchester. Chapter 218, p. 434, Laws 1851; section 130, Highway Law (Laws 1890, p. 1201, c. 568). But whether this employment as to county bridges did or did not cease is not material, for the reason that none of the services as detailed in this second bill, when itemized, relates in any way to county bridges. If, under an employment to attend to county bridges, the relator saw fit at a later time to render other services about a different matter wherein the county was not concerned, the mere fact of such rendition, and a fortiori without the authority, request, knowledge, or ratification of the county or its agents, does not increase the scope of the original employment by the county or its agents, so as to make the county liable under the original retainer. The services were not required perforce of any general power of the county over highways, for the return is that there were highways within the charge and control of the town under the highway and town law of the state, and the common-law rule that the care and repair of roads is in the county does not obtain in this state. Markey v. County of Queens, 154 N. Y., at page 682, 49 N. E. 71, 39 L. R. A. 46. The county, as such, has no peculiar interest in property in such highways; for generally they are held in trust by the state for the benefit of the public, and are controlled through local authorities. Matter of the Application of R. E. R. Co., 123 N. Y. 359, 25 N. E. 381. They are not

the property of the county or the town (People ex rel. Van Keuren v. Town Auditors, 74 N. Y. 315), and the right of the public is but that of an easement (Paige v. Schenectady Ry. Co., 178 N. Y. 102, 70 N. E. 213; Wash. Cem. v. P. P. & C. I. R. R. Co., 68 N. Y. 595). With reference to the proceedings under the statutes of 1883 and 1887, supra, no duty is inferentially cast upon the county. The substituted roads are determined by the commissioners under the eye of the court. The cost thereof is defrayed by the city. It is not provided to whom the award for such expense is to be paid. Practically, however, there is indication that it was paid to the town authorities, for an item in the relator's bill is:

"Aug. 9. Interview with Mr. Beaudrias here in office forwarding vouchers for city moneys to proper officers in towns of New Castle, Yorktown, and Cortlandt for proper signature."

The board of supervisors has no power to retain counsel to look to town matters. Adee v. Arnow, 91 Hun, 329, 36 N. Y. Supp. 1020. While this particular scheme of these statutes may not be controlled positively by the provisions of the general statutes in respect to the receipt and the holding of the moneys to be applied to the new roads, yet it is significant that the highway law provides that the highway commissioners shall expend all moneys raised or collected from the town, and that moneys collected for the repair or construction of highways in any town and all moneys received from the state as provided by law are to be paid to the supervisor of the town. Highway Law, Laws 1890, pp. 1178, 1188, c. 568, § 4, subd. 7, and section 53. Section 98 of the highway law provides:

"The final determination of commissioners appointed by any court, relating to the laying out, altering or discontinuing a highway * * * shall be carried out by the commissioners of highways of a town."

This seems to be a case where, under an original retainer which may have been justified as for a county purpose (the bridges), the relator rendered services for which he was fully compensated by the county, and thereafter proceeded in certain other and different matters growing out of the same public improvement in which the county had not such concern as justified its representatives in retaining counsel. The audit of the former bill by a preceding board had no significance, both for the reason that the services may have been rendered in the matter of the bridges and that in any event the doctrine of estoppel does not obtain as against this board by reason of such action. People ex rel. Sweet v. Bd. of Supervisors, 101 App. Div. 327, 91 N. Y. Supp. 948; Dillon, Mun. Corp. (4th Ed.) §§ 457, 936; Moore v. Mayor, 73 N. Y. 238, 29 Am. Rep. 134.

It is not contended that this respondent ever in any way authorized, accepted, or ratified such services, or was ever apprised that the relator was performing them under assertion of the retainer or authority of the county, or any of its officers, or, indeed, performing them at all.

The determination is confirmed, with costs. All concur.