### PEOPLE ex rel. LUYSTER v. COCKS et al., Town Board of Audit.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

CONSTITUTIONAL LAW ☞63(2)—LEGISLATIVE POWER—DELEGATION—SALARY OF JUSTICES OF THE PEACE.

    Laws 1915, c. 11, adding section 107a to the Town Law (Laws 1909, c. 63; Consol. Laws, c. 62), giving to the town board of any town containing more than 20,000 power, in its discretion, to fix an annual salary not exceeding $1,500 for justices of the peace for all services rendered in criminal matters, in lieu of fees under Code Cr. Proc. § 740a, under which the town board, by resolution, fixed an annual salary of $1,500 for the justice of the peace in a town, considered with section 131, by which the town board consists of four justices of the peace, the supervisor, and the town clerk, does not violate Const. art. 3, § 1, declaring that the legislative power of the state shall be vested in the Senate and Assembly, since the fixing of salaries is but a part of the local government of towns.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 109, 111, 112, 114; Dec. Dig. ☞63(2).]

Certiorari by the People of the State of New York, on the relation of William E. Luyster, to review a determination of James H. Cocks and others, composing the Town Board of the Town of Oyster Bay, sitting as a Board of Audit. Writ dismissed, and determination confirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Charles T. McCarthy, of Glen Cove, for relator.

Percy L. Housel, of Riverhead, for respondents Weeks, Steinert, Duvall, and Weiden.

CARR, J. The relator is a justice of the peace of the town of Oyster Bay, in Nassau county. He presented a claim to the town board for audit, covering services rendered by him officially in various criminal proceedings which had been pending before him. The

---

amounts generally chargeable for the services of a justice of the peace in criminal proceedings are regulated by section 740a of the Code of Criminal Procedure. However, by chapter 11 of the Laws of 1915, a new section, numbered 107a, was added to the Town Law (chapter 63 of Laws of 1909 [Consol. Laws, c. 62]). This new section gave to the town board of any town containing a population of 20,000 or more, according to the last preceding federal census, power, in its discretion, to fix, by resolution, an annual salary, not exceeding $1,500, for justices of the peace in such towns, for all services rendered by them in criminal actions or proceedings, which annual salary shall be in lieu of all charges and fees under section 740a of the Code of Criminal Procedure, or any other statute. Acting under this new provision of the statute, a resolution was adopted by the town board of the town of Oyster Bay, fixing an annual salary for the justices of the peace in that town at the sum of $1,500 per annum. This resolution was adopted January 3, 1916. The claim presented by the relator for audit by the town board covered services rendered wholly after the adoption of the resolution aforesaid, and its audit was refused.

The relator contends that chapter 11 of the Laws of 1915 was unconstitutional and void, and that the town board had therefore no power to adopt a resolution fixing said salaries. The provision of the Constitution, which is said to have been violated by the act of 1915, is section 1 of article 3, which declares that:

"The legislative power of this state shall be vested in the Senate and Assembly."

It is contended that by the act of 1915 the Legislature attempted to delegate its legislative powers in regard to the compensation of justices of the peace of towns in criminal actions and proceedings, and that the attempt was ineffectual in law. On this point the relator cites the recent case of People v. Klinck Packing Co., 214 N. Y. 121, 108 N. E. 278. In that case a law, applying generally, had been enacted under the police power of the state. The statute, however, contained a provision which empowered the commissioner of labor to suspend one of the general provisions of the act, in his discretion, under certain circumstances. It was held that this provision of the statute was an unconstitutional attempt to delegate legislative powers, because (214 N. Y. 138, 108 N. E. 283):

"The question whether the statute shall take effect in any, all, or no cases is left wholly to his [the commissioner of labor's] volition. Under its terms he has the power, without check or guidance, so far as we can perceive, to veto the entire clause, and decide that its benefits shall never be extended to any case, although it comes within the precise terms of the statute, or to permit the exemption in one case and deny it in another precisely similar one."

I see no necessary connection between the decision in the case just cited and the question involved in this appeal. These two statutes have no similarity in purpose or provision. Granting that the power to fix an annual salary for justices of the peace in towns of a certain population is legislative in character, yet it is but a part of the local self-government of such towns, and may be conferred upon the town board without in any way violating the rule of section 1 of article 3 of the Constitution. The power given under the statute now in question was

precisely the same as a power given to a municipal corporation to adopt ordinances for the regulation of municipal matters. The fixation of salaries of municipal officers is largely a municipal matter, though the Legislature may, and in many cases does, exercise that power itself. There is no precedent cited that a statute giving to a locality, through its authorized agents, a power to fix the salaries of its officers or employés, is an unlawful delegation of legislative power. In discussing this question of delegation of legislative powers to municipal corporations for municipal purposes, Cullen, C. J., said, in Village of Saratoga Springs v. Saratoga Gas, etc., Co., 191 N. Y. 123, 138, 83 N. E. 693, 697 (18 L. R. A. [N. S.] 713):

"I have not referred to the practice of committing to municipal organizations of the state local legislative power, as that is admitted by all to be an exception to the general rule that legislative power cannot be delegated, because it is in conformity with the general principle which prevails with us of fostering local self-government."

Nor does the fact that a town board consists of four justices of the peace, the supervisor, and the town clerk (section 131 of the Town Law) in any way affect the qeustion here involved. It is true that the justices of the peace, acting together, form a majority. But that was a question for legislative consideration when it enacted section 107a of the Town Law. A maximum salary was fixed by the Legislature itself, and it had the right to assume, in all human probability, under such circumstances, that the members of the town board, who were justices of the peace, would not so act as to deprive themselves of substantial compensation for their official duties in criminal cases. While the test of the constitutionality of a statute involves the idea of what may be done under its authority, and not simply what has been done or what is likely to be done, yet before a statute can be declared unconstitutional it must be apparent that it attempts to authorize, either expressly or by implication, the doing of acts not within the legislative power to authorize, and in applying this test no mere insubstantial hypothesis should be used. The town board acted properly in rejecting the relator's claim.

The writ of certiorari should be dismissed, and the determination of the town board confirmed, with $50 costs and disbursements. All concur.