(174 App. Div. 478)

ANDREWS v. PIERSON, Village President, et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. CONSTITUTIONAL LAW ☞63(2)—DELEGATION OF POWER—POWER OF LEGISLATURE.

Unless otherwise provided by the Constitution, the Legislature may leave to a town board or to the board of supervisors the power to vote, during an incumbent's official term, a change of the official's compensation from the fee system to a fixed salary.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 109, 111, 112, 114; Dec. Dig. ☞63(2).]

2. OFFICERS ☞100(2)—COMPENSATION—INCREASE DURING TERM.

Under Village Law (Consol. Laws, c. 64) § 184, providing that the board of trustees of a village may determine that the police justice shall be paid a salary, instead of fees, and fix the amount, but that such salary shall not be increased or diminished during his term of office, where, by vote of the board of trustees of a village of December 12, 1911, the office of police justice had attached to it a monthly salary of $55 on the 1st of January, and during the four days before a meeting, on January 4, 1916, of the board of trustees, which voted that the justice's salary should be $1,000 a year, the attempted raise was invalid, though the justice's salary at the rate of $55 a month was not payable until the end of January.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 154; Dec. Dig. ☞100(2).]

Appeal from Special Term, Westchester County.

Action by George C. Andrews against Frank R. Pierson, as President of the Village of Tarrytown, and others. From a judgment enjoining defendants from paying a codefendant, a police justice, any salary in excess of $660 per annum, etc., defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Clarence S. Davison and Hugh A. Thornton, both of Tarrytown, for appellants.

George C. Andrews, of Tarrytown, for respondent.

PUTNAM, J. This is a taxpayer's action, under Code Civ. Proc. § 1925, to test the legality of the resolution of the trustees of the village of Tarrytown on January 4, 1916, by which they voted to increase the salary of defendant William B. Moorhouse, as village police justice. Mr. Moorhouse had been elected on March 16, 1915, to take office on January 1st following, for a term of four years. His official oath was on March 22d, and on December 21, 1915, he filed the required bond. Under a resolution of the village trustees, which had been

passed December 12, 1911, the salary of the police justice had been fixed at $55 a month to begin January 1, 1912, which had been thereafter paid to the incumbent of the office of police justice. On January 1, 1916, Justice Moorhouse entered on his new official term. On January 4, 1916, the village board of trustees voted:

"Resolved, that the salary of the police justice for the term beginning January 1, 1916, be and the same is hereby fixed at $1,000 a year, to be paid in the same manner as other salaries are paid."

The Village Law (Consol. Laws, c. 64) provides:

"Sec. 184. *Compensation of Village Police Justice.* If the police justice of a village shall not be paid a salary, he shall be entitled to receive for his services the same fees as a justice of the peace for like services, to be paid in like manner, except that his fees in proceedings on account of violations of the village ordinances shall be paid by the village. The board of trustees may determine that the police justice shall be paid a salary instead of fees, and may fix the amount thereof, and such salary shall not be increased or diminished during his term of office."

[1] Counsel point out that this limit on the power of the village does not designate the time when the salary is to be fixed, or even prescribe that this shall be done before the beginning of the official term, as is often inserted in such enactments (see Laws 1881, c. 557); likewise are cited statutes defining the minimum period before beginning of the term, when the salary shall be fixed (Laws 1875, c. 461; Laws 1877, c. 436, § 5). From which it is suggested that the village might fix this salary after the term began, if such increase was passed before any salary payments for that term had been actually made. Acts changing official compensation from fee system to a fixed salary are also referred to, where the Legislature leaves to the town board, or to the board of supervisors, to vote such change during the incumbent's official term. County Law (Consol. Laws, c. 11) § 12; L. 1915, c. 11, adding section 107a to the Town Law (Consol. Laws, c. 62). Unless otherwise provided by the Constitution, this is clearly within the power of the Legislature. 1 Dillon, Mun. Corp. § 423.

[2] So long, however, as the vote of December 12, 1911, remained in force, the office of village police justice had attached to it the monthly salary of $55, which remained the law of that village until repealed or lawfully amended, and warranted the payment of this salary to successive incumbents of the office of police justice. People ex rel. Woods v. Crissey, 91 N. Y. 616. Hence on the 1st of January, and during the four days before this meeting, Justice Moorhouse's legal salary was at the rate of $55 per month, even if not payable until the end of January. Therefore this attempted raise to $1,000 a year, voted on January 4th, was an increase during the term of office, contrary to the prohibition of Village Law, § 184. Ries v. West New York, 79 N. J. Law, 164, 74 Atl. 337; Lowry v. City of Lexington, 113 Ky. 763, 68 S. W. 1109; Devers v. York City, 150 Pa. 208, 24 Atl. 668; 1 Dillon, Mun. Corp. § 424n. Such increase of judicial salary would be a waste and injury to the funds and property of the village of Tarrytown, which may be redressed by taxpayer's suit under Code Civ. Proc. § 1925.

I advise, therefore, to affirm the judgment, with costs. All concur.