In the Matter of the Application of WILLIAM H. BASS, Respondent, for an Order of Mandamus against THE BOARD OF TRUSTEES OF THE VILLAGE OF NORTHVILLE, N. Y., and Another, Appellants.

Third Department, May 15, 1929.

*E. K. Cassedy*, for the appellants.

*Clarence W. Smith*, for the respondent.

HASBROUCK, J. The petitioner claims that the salary of his office was fixed by the board of trustees of the village of Northville, Fulton county, in July, 1927, at twenty-five dollars per month, under the authority of section 184 of the Village Law, as amended by chapter 650 of the Laws of 1927,* and he has applied to the court for a peremptory order of mandamus to compel the board of trustees to pay him such salary for the months of May to October, 1928, both inclusive, which it has refused to do.

The board of trustees has submitted an affidavit in opposition to the motion affirming that no resolution fixing the salary of the police justice was passed " within thirty days after the first day of July, 1927." The question is whether such affirmation raises an issue of fact.

Is the day from which the statute begins to run the day upon which it became law or the day before it became law? According to the text of the act (Laws of 1927, chap. 650, § 49), the law went into operation July 1, 1927. The limitation under section 184 is " within thirty days after the adoption." The time of the adoption of the law was July first. (*People* v. *Norton*, 59 Barb. 169; *Real* v. *People*, 42 N. Y. 270, 276; *People* v. *Gardner*, 45 id. 812, 813.)

The day of the adoption being fixed, the General Construction Law provides the rule: " In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning." (Gen. Const. Law, § 20.)

The specified event, the taking effect of an act of the Legislature, cannot be different in principle from the issuance of a summons, the entry of a judgment of a court or of any body or person acting under the law.

It follows that the thirty days within which the board of trustees

---

* Since amd. by Laws of 1928, chap. 853.— [REP.

of the village could raise the salary of the police justice was within thirty days after July first, when the act took effect (*Tismer* v. *N. Y. Edison Co.*, 228 N. Y. 156; *People ex rel. Burnett* v. *Van Brunt*, 99 App. Div. 564; *Matter of East*, 17 F. [2d] 585), and that a question of fact was raised by the affidavit of the board of trustees.

While the applicant does not claim that his salary was fixed after the expiration of thirty days, whether such days commenced to run on July first, or July second, the court at Special Term has said: " It is quite obvious that petitioner's salary was fixed by the board of trustees at the sum of $25.00 per month. While the statute says that the salary may be fixed by the board of trustees within thirty days after the adoption of this chapter, this is merely directory and not mandatory."

The question whether a statute be in character mandatory or directory may find solution in the intention of the Legislature, and that is to be sought in the investigation of considerations of " inconvenience or injustice to innocent persons, or advantage to those guilty of the neglect, without promoting the real aim and object of the enactment." (*People* v. *Karr*, 240 N. Y. 348.)

It is plain that the general purpose of section 184 of the Village Law relating to salaries is not to have them interfered with during the term of the office of the incumbent police justice. (*Andrews* v. *Pierson*, 174 App. Div. 478.)

The effect of such legislation was to engraft an exception or proviso on the general statutory provision to suspend the same for thirty days and to permit the salary to be raised by the board of trustees during that period. The thing involved is time. It constitutes a limitation upon the power of the trustees. With the lapse of thirty days the power to change the salary ceased and the general law again became the rule. Any other construction of the statute would operate to nullify it and enable the board of trustees at any time after July first, and during the term of office of the justice, to increase or decrease his salary. Such a construction finds no countenance in the law.

The rule which obtains is to construe a statute so as to give all parts of it effect (*Matter of New York & Brooklyn Bridge*, 72 N. Y. 527, 530; 2 Lewis' Suth. Stat. Const. [2d ed.] §§ 368–370), unless the repugnance be such as to supplant the prior enactment, when the duty of the court seems to be to give the last provision effect. (*Farmers' Bank* v. *Hale*, 59 N. Y. 53; 6 N. Y. Ann. Dig. § 31681.) Not overruled in such respect by *Hintermister* v. *First National Bank* (64 N. Y. 212) or *Schlesinger* v. *Gilhooly* (189 id. 1, 9).

In light of these principles the conclusion is forced upon us that

the letter which accords with the apparent spirit of the whole enactment should be followed. Such a construction would limit the time within which the applicant's salary might be raised or reduced to thirty days.

If such be a strict construction it has support in the law.

In *U. S.* v. *Dickson* (15 Pet. 141, 165) Judge STORY writes: " We are led to the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms." (See Statutes, 36 Cyc. 1162; Proviso, 32 id. 743; 2 Lewis' Suth. Stat. Const. [2d ed.] p. 675, § 352.)

The order granting a peremptory mandamus should be reversed, with ten dollars costs and disbursements, and applicant given leave to apply to the Special Term for an alternative writ within twenty days from notice of the entry of this order.

VAN KIRK, P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Peremptory order of mandamus is reversed on the law, and matter remitted to the Special Term to grant an order of alternative mandamus, with ten dollars costs and disbursements to the appellants.