In the Matter of the Application of JOHN J. COYNE, Respondent, v. EDWARD J. MURRAY, Commissioner of Public Works of the City of Yonkers, New York, and Others, Appellants.— Order modified by striking out the first and last ordering

paragraphs and as so modified unanimously affirmed, with fifty dollars costs and disbursements against the appellant Murray, as commissioner. The appeal in so far as taken by the city of Yonkers and John Hoolahan is dismissed, without costs, on the ground that said appellants are in default and said default has not been opened. There was default on the part of the city and Hoolahan; but no relief may be had against them until the petitioner establishes his rights and is restored to his position or employment. (Civil Service Law, § 23.) The relief as to them will follow as a matter of course if plaintiff succeeds at the hearing on the alternative order. The petitioner alleges his appointment to the position of assistant deputy commissioner in the department of public works, notification of the municipal civil service of that fact, his taking of the oath and his incumbency of the office. He says that this position " was in the exempt class under the Civil Service Law of the State of New York." That is a somewhat indefinite conclusion of fact but it makes a *prima facie* case. There is no affirmative allegation in the answering affidavit to show that the position held by petitioner was not exempt. It may be that the position was created as exempt under the provisions of section 11 of the Civil Service Law, as amended. It does not appear that the petitioner is charged with duties as assistant deputy that would pertain to the duties of a deputy authorized by law to act generally for and in place of his principal (Civil Service Law, § 13, subd. 1); and, therefore, he is not denied the right of mandamus because he is the " deputy " of any official or department. (Civil Service Law, § 22, subd. 2.) If his position is exempt he is entitled to the protection afforded by section 22 of the Civil Service Law providing that no honorably discharged sailor of the World War shall be removed from a civil service position except for incompetency or misconduct shown, after a hearing, upon stated charges. (*Matter of Fornara* v. *Schroeder*, 261 N. Y. 363.) The record shows that there are questions of fact which must be determined on the hearing under the alternative order of mandamus. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.