In the Matter of the Application of ALBERT F. GLASSMAN, Appellant, for a Mandamus Order against ARTHUR G. FRIES, as County Auditor of Erie County, and Another, Respondents.

Fourth Department, January 15, 1936.

*Seth T. Cole,* for the appellant.

*Layton H. Vogel, County Attorney [Jacob Tick, Deputy County Attorney,* of counsel], for the respondents.

EDGCOMB, J. The legality of petitioner's removal from the position designated as secretary in the auditor's department of Erie county is challenged in this proceeding.

The office in question was created by the board of supervisors of Erie county on the 28th of December, 1926. Petitioner was appointed to the position on the first of the following January, and continued to discharge the duties assigned to him until January 1, 1935, when he was notified by the newly-elected auditor that his services were no longer needed, and when James J. Horbett, the present incumbent, was appointed as his successor.

Upon the request of the then auditor, the position, when created, was placed in the exempt class by the State Civil Service Commission, upon the theory that it was " in a sense of a confidential nature," and that the official was primarily a " secretary to the auditor."

The petitioner is a volunteer fireman, having served as such in the town of Amherst, Erie county, for the term required by the General Municipal Law (§ 200), and has had issued to him for such service a proper certificate, which was duly recorded in Erie county clerk's office.

Section 22 of the Civil Service Law limits the power of removal of certain persons holding a position in the public service by appointment or employment. It is there provided, among other things, that no one who has served the term required by law in the volunteer fire department of any city, town or village in the State shall be removed from the position he is filling " except for incompetency or misconduct shown after a hearing upon due notice upon stated charges."

By the enactment of this statute the Legislature sought to reward persons who voluntarily exposed themselves to danger and peril for the protection of life and property from fire, and to grant to them certain privileges and immunities not enjoyed by the common run of men. (*People ex rel. Schulum* v. *Harburger*, 132 App. Div. 260, 264.)

As no charges were ever preferred against the petitioner, and as he was never afforded an opportunity to be heard, he claims the benefit of the statute, and insists that his removal was illegal. His contention must be upheld, unless for some reason the requirements of the section above referred to do not apply to the position occupied by him.

The suggestion that petitioner was appointed for a definite term of two years, and that his term expired on January 1, 1935, so that the appointment of his successor could properly be made, is unavailing to support the action of the auditor. When the office was created by the board of supervisors no fixed term was prescribed. Nor has the tenure of office of the incumbent ever been determined by any statute or resolution of the board of supervisors. The

auditor has no power to fix such term. The petitioner's appointment was a continuing one, and could only be terminated by his resignation or removal.

So we get back to the application of section 22 of the Civil Service Law. Is there an exception excluding the office in question from the operation of this general prohibition contained in the statute? If not, the purported removal of the petitioner was illegal.

The section excludes from its operation certain specified positions. It is said that nothing therein contained " shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the Civil Service Law." Section 13 prescribes the offices which shall be included in the exempt class. The respondent auditor insists that the exception above mentioned authorized him to remove the petitioner without charges and without a hearing. Petitioner takes the opposite view. That is the question which we are called upon to decide.

Concededly the petitioner was not a cashier or deputy auditor. If the exemption controls, it must be upon the theory that the appellant is a " private secretary."

It will be noted that the statute adds to the word " secretary " the description " private." We may not assume that the Legislature deliberately placed the word " private " in the statute without some purpose in view.

Every word and phrase of a statutory enactment must be given effect in determining its meaning. An interpretation which gives significance to all the statements and utterances of the statute is always to be preferred to one which ignores certain expressions and leaves words actually used inoperative and meaningless. (*Allen* v. *Stevens*, 161 N. Y. 122, 145; *City of Rochester* v. *Coe*, 25 App. Div. 300, 307; *People* v. *McGloin*, 91 N. Y. 241, 250; *People ex rel. Freligh* v. *Matsell*, 94 id. 179, 183; *Matter of Bass* v. *Board of Trustees*, 226 App. Div. 165, 167; *Matter of New York & Brooklyn Bridge*, 72 N. Y. 527, 530.)

The intention of the Legislature to make a distinction between the two positions is apparent from the fact that in section 13 of the act the word " secretary " is used without the qualification employed in section 22. Were the two places intended to be identical, the same expression would have been employed in each section.

While the duties of a secretary as well as those of a private secretary cannot be prescribed by any mathematical formula, and are determined by the resolution creating the position or by the appointing power in each individual case, there is, in the public mind, a somewhat undefined distinction between the two. A

private secretary ordinarily looks after the personal affairs of his chief, and sustains a highly confidential relationship to him. Such services are largely of a personal rather than of a public nature. The attachment of the ordinary secretary is to the service, while that of the private secretary is to the individual. The value of the latter's services is largely negatived when his chief leaves the public service, while that of the former is of such importance that the State has adopted the general policy of preventing his removal with every new administration. The personal and confidential nature of the relationship which exists between the ordinary private secretary and his chief is such that the latter should be left free to employ whomsoever he sees fit, and not have his hands tied, or be forced to retain in office one in whom he cannot place perfect trust and reliance.

It is not the mere designation of the position which determines whether it comes within the exception of the statute or not; call the office what you will, it is the duties which are assigned to the incumbent which determine its nature. (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403, 407.)

The petition states, and nowhere is the allegation denied, that the petitioner was assigned to the duties of an auditor and accountant, and of auditing departmental accounts and department records, and of certifying certain classes of claims in various departments of the county. Certainly these were not the duties of a private secretary, as such duties are commonly understood. Nor do they pertain to the head of the department personally. They rather relate to the public service generally. They are of the nature of work which would ordinarily be performed by a clerk, auditor or examiner of accounts, by whatever name he might be called. Such an appointment is not a purely personal one. The value of such service would not cease with the advent of a new auditor. The reason for not including such an official along with one performing the ordinary duties of a private secretary in the exception to the prohibition of the statute is quite apparent.

The fact that the position in question was placed in the exempt class does not make the provisions of section 22 of the Civil Service Law inapplicable here. That section applies to the exempt as well as to the competitive class. (*Matter of Fornara* v. *Schroeder,* 261 N. Y. 363, 367; *Matter of Byrnes* v. *Windels,* 265 id. 403, 406; *Matter of Coyne* v. *Murray,* 240 App. Div. 728.)

As it does not appear that the petitioner is charged with the duties of a private secretary, cashier or deputy of any official or department, he is entitled to the protection of section 22 of the Civil Service Law, and his removal without charges being preferred

against him, and without being accorded a hearing, makes the action of the respondents illegal and void.

The answering affidavits raise no question of fact. Petitioner is, therefore, entitled to the position held by him at the time of his removal, and to that end the order appealed from should be reversed, and a peremptory mandamus order granted requiring the respondents to reinstate the petitioner to his former office.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the law, with costs, and peremptory order of mandamus granted, without costs.