In the Matter of ALBERT F. GLASSMAN, Respondent, against ARTHUR G. FRIES, as County Auditor of Erie County, Appellant, Impleaded with Another.

(Argued April 23, 1936; decided May 19, 1936.)

*Jacob Tick* and *Paul J. Batt* for appellant.

*Seth T. Cole* for respondent.

LOUGHRAN, J. In December, 1926, the Board of Supervisors of the county of Erie, at the request of the then Auditor of the county, adopted a resolution " that the position of Chief Clerk in the Auditor's Department be abolished and that the position of Secretary be created at the same salary allowance." Thereupon the State Civil Service Commission transferred the position to the

exempt class pursuant to subdivision 2 of section 13 of the Civil Service Law (Cons. Laws, ch. 7), on the representation that the employment was primarily that of " secretary to the auditor " and so " in a sense of a confidential nature." For eight years thereafter the relator, an exempt volunteer fireman, had been employed as such secretary when in January, 1935, the then Auditor of the county summarily appointed another in his place.

On these facts the relator claimed that his removal transcended the power of the Auditor as limited by section 22 of the Civil Service Law. The Auditor answered that preferences thereby secured to volunteer firemen are not attached " to the position of private secretary   *   *   * of any official or department." The relator replied that (although he was a secretary within the meaning of section 13) he none the less was not a " private " secretary in the sense of section 22 (subd. 2). The Special Term denied the validity of this distinction. The Appellate Division thought the distinction substantial and ordered reinstatement of the relator. We share the view of the Special Term.

The Appellate Division held that the Legislature here used the words " private secretary " as the distinctive title of an employment to be discriminated from the work of secretaries in general. In the opinion of that court it was said: " While the duties of a secretary as well as those of a private secretary cannot be prescribed by any mathematical formula, and are determined by the resolution creating the position or by the appointing power in each individual case, there is, in the public mind, a somewhat undefined distinction between the two. A private secretary ordinarily looks after the personal affairs of his chief, and sustains a highly confidential relationship to him. Such services are largely of a personal rather than of a public nature. The attachment of the ordinary secretary is to the service, while that of the private secretary is to the individual." (246 App. Div. 468, 470.)

This construction of the statute does not commend itself to us. As originally enacted the limitations upon

the power to remove veterans and exempt volunteer firemen were qualified by the provision that " Nothing in this section shall be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer." (Laws of 1899, ch. 370, § 21.) In 1902 that qualification was amended so as to substitute the text now part of section 22 as follows: " Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department." (Laws of 1902, ch. 270, § 1, [§ 21].) Then came the decision of this court in *People ex rel. Ryan* v. *Wells* (176 N. Y. 462). In that case the relator, a volunteer fireman, had been summarily removed from the position of Deputy Tax Commissioner of the city of New York. He demanded reinstatement on the ground that, since he bore no confidential relation to the Board of Tax Commissioners, they could remove him only for incompetency or misconduct shown after a proper hearing. In rejecting that contention, the court said: " We are by no means clear that the language of the civil service statute in its original form justified such a qualification or limitation of the term ' deputy.' However that may be, since the amendment of 1902, by which the provision as to ' any other person holding a strictly confidential relation to the appointing officer ' has been stricken out and the position of cashier, which is not necessarily confidential * * * added to the exceptions, such an interpretation we think no longer admissible and that the statute excepts all deputies in the various city departments " (pp. 464–465). This reasoning, in our judgment, leads also to the conclusion that the words of exception in section 22 embrace every person holding the position of secretary under section 13.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Ordered accordingly.