In the Matter of WILLIAM SCHWARTZ, Petitioner, against BOARD OF ESTIMATE OF THE CITY OF NEW YORK, as Head of the New York City Employees' Retirement System, et al., Respondents.

Supreme Court, Special Term, New York County, January 23, 1953.

*Jerome A. Strauss* for petitioner.

*Denis M. Hurley, Corporation Counsel (Morgan N. Lipton* of counsel), for respondents.

HOFSTADTER, J. The petitioner seeks a review of the determination of the board of estimate and of the New York City Employees' Retirement System denying his request for withdrawal of his application for retirement from the system previously filed by him and instead retiring him from the system. He also seeks his reinstatement to his former position as secretary to the commissioner of the department of marine and aviation of the City of New York.

The petitioner is an honorably discharged veteran, having served in the navy in World War I. In 1948 he was appointed secretary to the commissioner of the department of marine and aviation, a position he held uninterruptedly until his retirement therefrom on October 26, 1952. The position so held by him is in the exempt class of the classified civil service. His basic salary was $6,350 per annum, and he was also receiving an annual cost of living bonus of $740.

There is no substantial dispute as to the circumstances of the termination of the petitioner's employment by the city. On September 22, 1952, the petitioner's superior, the commissioner of the department of marine and aviation, informed the petitioner that he had just been ordered to ask for the petitioner's immediate resignation. The commissioner does not deny the petitioner's statement that the resignation was wanted for purely political reasons. In answer to the petitioner's request for an opportunity to file an application for retirement to enable him to obtain a pension, the commissioner allowed the petitioner to remain at his post during the necessary interval which must elapse between the filing of an application for and the effective date of retirement. Accordingly, the petitioner on September 24, 1952, submitted his written resignation to take effect at midnight on October 25, 1952, and on September 25, 1952, filed with the retirement system his application for retirement to take effect on October 26, 1952. Though the petitioner here asserts that he resigned under a misapprehension of what he now claims to be his legal rights, the fact still remains that he did resign and did not then contest the commissioner's right to call for his resignation.

Having been informed that the retirement application might be prejudiced by his resignation, the petitioner by letter of October 8, 1952, to the commissioner, purported to withdraw the

resignation. This attempted withdrawal appears to have been disregarded by the commissioner.

A few days later the petitioner was advised that as an honorably discharged veteran he was not subject to summary removal, but under subdivision 1 of section 22 of the Civil Service Law could be removed only " for incompetency or misconduct shown after a hearing upon due notice upon stated charges ". Thereupon he sought to arrest the retirement process which he had set in motion. On October 17, 1952, he filed with the retirement system a formal instrument requesting the withdrawal of his retirement application for the reason that he desired and expected that his employment by the city would be continued.

Rule 44 of the Rules and Regulations of the Board of Estimate for the Administration of the New York City Employees' Retirement System authorizes the board of estimate to approve a request for the withdrawal of a retirement application, if made before the approval of the retirement. The rule provides that the secretary advise the board whether the head of the agency in which the applicant is employed approves the withdrawal of the application and of the applicant's reason for withdrawal. The commissioner of marine and aviation refused to approve the petitioner's withdrawal application, " purely for political reasons and because he had been told to do so ", though the commissioner himself considered the request to withdraw the application " proper, fair, honest and equitable ". No denial of the foregoing statements of the petitioner is made by the commissioner.

Both the original application for retirement and the petitioner's request for its withdrawal came before the board of estimate for action on October 23, 1952. The petitioner was represented by counsel before the board and the board by a divided vote denied the request to withdraw the application and thereupon retired petitioner. The validity of the action so taken is the problem posed for determination.

Many questions have been argued, only one of which is, in my opinion, critical and requires discussion. I do not find it necessary to consider whether the petitioner's resignation was immediately effective or not. Nor is it important whether the resignation was wholly voluntary or, as urged by the petitioner, obtained by duress because under threat of summary dismissal as an alternative. So, too, I assume in the petitioner's favor that the commissioner's refusal to approve his request for the withdrawal of his application for retirement was, in the circum-

stances shown, arbitrary and unwarranted, and that the denial by the board of the request, based on the commissioner's disapproval, if otherwise subject to question by the petitioner, is affected with the same infirmity. If the petitioner was initially subject to summary removal, then all the foregoing becomes immaterial, for the petitioner would not be aggrieved by action which could have been taken without any participation by him and over his protest. Indeed, in that case, the petitioner has received more favorable treatment than he could have demanded as of right, through the period of grace during which he was allowed to file his retirement application and thereby secure his pension.

Section 22 of the Civil Service Law, which protects the tenure of veterans, declares that nothing '' in this subdivision shall be construed to apply to the position of private secretary ''. If the petitioner's position was that of private secretary, he was subject to dismissal at the pleasure of the commissioner, the appointing officer. Study of the record persuades me that the petitioner on his own statement occupied the position of private secretary. The perfunctory duty of certifying instruments and regulations imposed on the petitioner by the Charter and the Administrative Code (New York City Charter, § 712; Administrative Code of City of New York, ch. 29, § 711–1.0, subd. b) was but an insignificant part of the petitioner's work and is hardly a criterion of his real functions. It is unnecessary to recite the various activities in which the petitioner was engaged. Any difference between the petitioner's and the respondents' versions of these activities is trivial and merely emphasizes the obvious fact that the very nature of his position rendered impossible any narrow or rigid formulation of his duties. Because he was secretary to the commissioner, acting in conjunction with and under the immediate direction of the commissioner, his activities were elastic and varied according to the exigencies of the day-to-day operations of the department. This is the normal function of a private secretary and the duties of the position cannot be put into a mold or given an exact definition. The petitioner's own account of what he did reveals nothing foreign to what is usually expected of a private secretary to an executive. His position has been placed in the exempt class because of its very nature, and that, too, has been its history (*People ex rel. Cummings* v. *Koch,* 40 Hun 640, opinion in 2 N. Y. St. Rep. 110; see, also, *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 301, and *People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129). Nor need an individual stand in a confidential relation to the

appointing officer to come within the designation of a private secretary (*Matter of Glassman* v. *Fries*, 271 N. Y. 116, 119). I do not regard *Matter of Mercer* v. *Dowd* (288 N. Y. 381) relied on by the petitioner as controlling, for the decision rests on the finding there that the duties assigned to the employee were those of a superintendent of parks, rather than a secretary. Here the petitioner's very office is created by statute (Administrative Code, § 702–1.0).

Since the petitioner was a private secretary, he is not protected by section 22 of the Civil Service Law. It follows that he may not demand reinstatement to a position which he had no right to retain. Nevertheless, his resignation to take effect later and his practically simultaneous application for retirement were steps taken by agreement with the commissioner, the appointing officer. Since he acted in reliance on that agreement, his employment by the city did not terminate until the effective date of his retirement under the resolution of the board of estimate. Accordingly, he was lawfully retired and will be entitled to a pension.

The proceeding for reinstatement is dismissed. Settle order.